UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPLOYEE PAINTERS TRUST HEALTH & WELFARE FUND, et al.,

    Plaintiffs,

    v.

MELVIN HUFF, et al.,

    Defendants.

CASE NO. C06-580C

ORDER

    This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. No. 16) and Plaintiffs' Motion for Default Judgment (Dkt. No. 19).

    Most of the plaintiffs are trust funds who are third party beneficiaries to a collective bargaining agreement signed between P.A.C.E. Construction and the Plaintiff union, International Union of Painters & Allied Trades District Council No. 5.  P.A.C.E. Construction is a partnership formed by Defendants Melvin Huff, Jerry Cook, Lance Smith, and Vincent Ivey. (Dkt. No. 17, Ex. A.)  Plaintiffs seek employee benefit contributions that were not paid by P.A.C.E. to the Plaintiff Funds.  Plaintiffs have introduced the "Memorandum of Understanding" between P.A.C.E. and the Plaintiff Union, which provides for contributions to the Painter's Health & Welfare Trust. (*Id.*, Ex. B.)  Plaintiffs have also introduced the section of the collective bargaining agreement that deals with provision of contributions to the trusts, as

ORDER – 1

well as the monthly contribution reports issued by Plaintiff Trusts, showing the balances due. (*Id.*, Exs. C & D.)

Plaintiffs have filed successful motions for default as to Defendants Huff, Smith, and Ivey. They now seeks default judgment as to those three P.A.C.E. partners and their wives and marital communities. Plaintiffs also seek summary judgment as to the last P.A.C.E. partner, Cook, who opposed the entry of default as to him (Dkt. No. 14) and entered an answer to defeat it (Dkt. No. 13). Cook does not come forward now to challenge the motion for summary judgment.

## I. Motion for Summary Judgment

Plaintiffs seek summary judgment as to P.A.C.E. partner Cook under Federal Rule of Civil Procedure 56(a). Cook does not oppose the motion. Pursuant to Local Civil Rule 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Defendant Cook's failure to file an opposition is construed as an admission of the motion's merit here. Regardless of Defendant Cook's failure to respond, however, the Court may not enter summary judgment if a genuine issue of material fact appears in the papers. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

No such genuine issue of fact appears here. Plaintiffs request only attorneys fees and costs in this motion.[1] They are entitled to attorneys fees and costs under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). Accordingly, the Court hereby GRANTS Plaintiffs' Motion for Summary Judgment.

---

[1] The total amount requested in the motion for summary judgment for attorneys fees and costs is $3,914.79, which differs from the total amount requested in the motion for default judgment. The break-down of that total amount also varies throughout the motions and supporting papers. The Court views as authoritative the itemized break-downs of costs and fees, which is consistent between the motion for summary judgment and the motion for default judgment. (Dkt. No. 17, Exs. F & G; Dkt. No. 20, Exs. A & B.) This break-down details $1,170.02 in costs, and $3,053.85 in fees. These are the sums that the Court will adopt.

ORDER – 2

II. Motion for Default Judgment

Plaintiffs have obtained orders of default from the Clerk of the Court as to Defendants Smith, Ivey, and Huff.  (Dkt. Nos. 7, 12.)  Plaintiffs now request entry of default judgment as to the sum owed for attorneys fees and costs.  The entry of default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2), and the Court hereby GRANTS the motion for default judgment.

III. Damages

In sum, Plaintiffs' Motion for Summary Judgment (Dkt. No. 16) and Plaintiffs' Motion for Default Judgment (Dkt. No. 19) are GRANTED.

In general, all partners are liable jointly and severally for all obligations of the partnership.  Wash. Rev. Code § 25.05.125.  By virtue of their partnership arrangement, and operation of this order, Defendants Huff, Smith, Ivey, and Cook are jointly and severally liable for the sum of $4,223.87—$1,170.02 in costs and $3,053.85 in attorneys fees.  This judgment shall accrue interest on the total unpaid balance of delinquent contributions at a rate of 12% per annum.

SO ORDERED this 10th day of January, 2006.

John C. Coughenour
United States District Judge

ORDER – 3